UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT HUBBARD, and
SUSAN SPANN,

        Plaintiffs,
  v.

LARRY J. KELLEY, and
CHRISTOPHER LEE KELLEY,

        Defendants.

**REPORT
and
RECOMMENDATION**

06-CV-0236A(F)

---

APPEARANCES:  DAVID W. POLAK, ESQ.
        Attorney for Plaintiffs
        3686 Seneca Street
        West Seneca, New York 14224

        HAGELIN KENT LLC
        Attorneys for Defendants
        NANCY A. LONG, and
        LEO T. FABRIZI, of Counsel
        135 Delaware Avenue
        Suite 200
        Buffalo, New York 14202

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on July 10, 2007. The matter is presently before the court on Defendants' motion to dismiss for lack of personal jurisdiction and, alternatively, for summary judgment (Doc. No. 15), filed September 26, 2008.

## BACKGROUND and FACTS[1]

Plaintiffs Robert Hubbard ("Hubbard"), and Susan Spann ("Spann") (together, "Plaintiffs"), filed this personal injury action in New York Supreme Court, Erie County (state court), on February 7, 2006, seeking monetary damages for injuries Plaintiffs allegedly sustained as a result of an accident occurring in Ontario, Canada, on July 17, 2005 ("the accident"), when the vehicle in which Plaintiffs were passengers was struck from behind by a vehicle in which Defendants Larry J. Kelley ("Larry Kelley"), and his son, Defendant Christopher Lee Kelley ("Christopher Kelley") were riding. It is undisputed that at the time of the accident Plaintiffs were New York residents and Defendants are Alabama residents.

Plaintiffs specifically allege that on July 17, 2005, were traveling westerly on the Queen Elizabeth Way in Mississauga, Ontario, Canada, in a vehicle owned and operated by Timothy J. Hartman ("Hartman") ("Hartman's vehicle"), when Hartman slowed his vehicle for traffic and Hartman's vehicle was struck from behind by Defendants' vehicle. Plaintiffs allege that the accident was caused by Christopher Kelley's negligent operation of Defendants' vehicle owned by Larry Kelley. Prior to the accident, both Hubbard and Spann regularly received chiropractic treatment from Jeffrey Bova, D.C. ("Dr. Bova"), for periodic low back and next pain caused by previous injuries.

Immediately following the accident, Spann was taken by ambulance to a Canadian hospital for examination of possible whiplash, but was released a few hours

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

later. Hubbard was neither examined nor treated at the hospital. Following Spann's release from the hospital, Hubbard and Spann drove in Hartmann's vehicle back to their home in Buffalo, New York. The next day, July 18, 2007, both Hubbard and Spann sought treatment from Dr. Bova for low back and next pain, and Dr. Bova ordered spinal X-rays and MRIs for both Hubbard and Spann. Both Hubbard and Spann were able to return to their regular work the week after the accident, and neither Hubbard nor Spann alleges any missed work attributable to injuries sustained as a result of the accident.

On April 7, 2006, Defendants removed the action to this court (Doc. No. 1) ("Removal Notice"), asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction.[2] On September 26, 2008, Defendant filed the instant motion (Doc. No. 15) ("Defendants' motion"), seeking to dismiss the action for lack of personal jurisdiction or, alternatively, seeking summary judgment on the basis that Plaintiffs' injuries do not, as a matter of law, meet the "serious injury" threshold necessary to sustain Plaintiffs claims under either Ontario or New York substantive law. Defendants' motion is supported by the attached Affidavit of Nancy A. Long, Esq. ("Long Affidavit"), Memorandum of Law ("Defendants' Memorandum"), and exhibits A through J ("Defendants' Exh(s). __"). In opposition to Defendants' motion, Plaintiffs filed on November 12, 2008, the Affirmation of David W. Polak, Esq. (Doc. No. 24) ("Polak Affirmation"), attached to which is the Affidavit of Plaintiffs' treating chiropractor Jeffrey Bova, D.C. ("Dr. Bova Affidavit"), and exhibits consisting of Dr. Bova's treatment records of Hubbard and Spann (Doc. Nos. 25-32). In further support of dismissal,

---

[2] The removal of the action to this court has not been challenged.

Defendants filed on November 19, 2008, the Affirmation of Nancy A. Long, Esq. ("Long Reply Affirmation").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion to dismiss based on lack of personal jurisdiction should be GRANTED, and the Clerk of the Court should be directed to close the case.

## **DISCUSSION**

Defendants' motion seeks to dismiss the action for lack of personal jurisdiction or, alternatively, seeks summary judgment on the basis that Plaintiffs' injuries do not, as a matter of law, meet the "serious injury" threshold necessary to sustain Plaintiffs claims under either Ontario or New York substantive law.  Defendants' Memorandum at 1-2. In opposition to Defendants' motion, Plaintiffs maintain that under applicable conflicts of law doctrine, Defendants are subject to personal jurisdiction in New York and sufficient factual issues regarding the seriousness of Plaintiffs' injuries precludes summary judgment of the claims.  Polak Affirmation ¶¶ 8-18 (personal jurisdiction), and ¶¶ 19-44 (serious injury threshold).  In further support of Defendants' motion, Defendants assert that Plaintiffs have failed to show Defendants are within the reach of New York's long arm jurisdiction statute, N.Y. C.P.L.R. § 302 ("§ 302"),[3] Long Reply Affirmation ¶¶ 3-10, and that the unaffirmed medical treatment records Plaintiffs submitted in opposition to summary judgment on the serious injury threshold question are inadmissible for such purpose, *id.* ¶¶ 11-32.

---

[3] Unless otherwise indicated, references to § 302 are to McKinney's 2001.

Defendants first move to dismiss the action for lack of personal jurisdiction, arguing that Defendants, residents of Alabama at the time of the accident and with no ties to New York, are not subject to personal jurisdiction in New York.  Defendants' Memorandum at 5-8.  In opposition to Defendants' motion, Plaintiffs argue that according to applicable choice of law rules, Defendants are subject to personal jurisdiction in New York.  Polak Affirmation ¶¶ 6-18.  In further support of dismissal, Defendants maintain that Plaintiffs' conflicts of law argument fails to establish any basis for personal jurisdiction over Defendants in New York.  Long Reply Affirmation ¶¶ 3-10.

Preliminarily, the court observes that Defendants' motion to dismiss for lack of personal jurisdiction is made pursuant to New York Civ. Prac. L. & R. ("N.Y. C.P.L.R.")[4] § 3211(a)(8), rather than pursuant to Fed. R. Civ. P. 12(b)(2), despite the fact that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court" to a United States district court.  Fed. R. Civ. P. 81(c); *Mroz v. City of Tonawanda*, 999 F.Supp. 436, 449 (W.D.N.Y. 1998) ("Unless the case is remanded, after removal questions of procedure are governed by federal law.").  Plaintiffs do not object to the motion on this basis, however, and N.Y. C.P.L.R. § 3211(a)(8), like its federal counterpart Fed. R. Civ. P. 12(b)(2), provides for dismissal of an action by motion for lack of personal jurisdiction over the defendant.  The court, therefore, construes Defendants' motion as seeking dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

"Jurisdiction to resolve cases on the merits requires both authority over the

---

[4] Unless otherwise noted, references to N.Y. C.P.L.R. are to McKinney's 2004.

category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  Personal jurisdiction "is concerned with the relationship of a given defendant to the particular geographic area in which a case is brought." *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997).  The burden of proving personal jurisdiction is on the party asserting it.  *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (citing cases).  Although lack of subject matter jurisdiction cannot be waived and may be raised at any time during an action, *Kontrick v. Ryan*, 540 U.S. 443, 455 (U.S. 2004), personal jurisdiction may be forfeited by failing to timely raise such defense.  *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (holding defendant forfeited lack of personal jurisdiction defense by failing to make appropriate motion during four-year interval after filing answer that asserted lack of personal jurisdiction as an affirmative defense), *cert. denied*, 530 U.S. 1244 (2000).

In the instant case, given that Defendants asserted lack of personal jurisdiction as their fifth affirmative defense, and  base their motion to dismiss on lack of personal jurisdiction, Defendants have not forfeited such defense.  *Hamilton*, 197 F.3d at 60. Further, although the parties do not dispute that the instant action is between citizens of different states and assuming, *arguendo*, the statutory threshold of $ 75,000 has been met for the purposes of establishing subject matter jurisdiction based on diversity under 28 U.S.C. § 1332, such facts do not automatically result in personal jurisdiction over non-domiciliary defendants.  *See Armstrong v. Virgin Records, Ltd.*, 91 F.Supp.2d 628, 637 (S.D.N.Y. 2000) ("It is, after all, possible for a court to have subject matter

jurisdiction over a particular set of claims, but not personal jurisdiction over a particular defendant."). Rather, "[p]ersonal jurisdiction over a defendant in a diversity action in the United States District Court for the [Western] District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York." *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (citing cases) (bracketed material added). As such, the court considers whether there is any basis for personal jurisdiction under New York law over either non-domiciliary Defendant.

Plaintiffs, relying in support on *King v. Car Rentals, Inc.*, 813 N.Y.S.2d 448 (2d Dep't. 2006), maintain that Defendants are subject to personal jurisdiction in New York because New York case law provides that the substantive law of New York, where Plaintiffs reside, rather than Ontario, where the accident occurred, governs the recovery of damages in this action. Polak Affirmation ¶¶ 8-9 . In particular, at issue in *King* was whether New York, New Jersey or Quebec substantive law regarding vicarious liability and recovery of non-economic damages applied to an action brought by a New York plaintiff seeking to recover for personal injuries sustained in an automobile collision in Quebec, Canada. *King*, 813 N.Y.S. 2d at 450-51. At the time of the accident, the defendant driver, a New York resident, was driving a vehicle leased from the defendant automobile leasing company, a New Jersey company engaged in business solely in New Jersey as a licensee of the defendant parent company that was a Delaware corporation with substantial business activity in New York. *Id*. The court discussed the parties' domiciliaries only in the context of determining, under New York's choice of law rules, which jurisdiction's substantive law regarding vicarious liability and recovery of non-economic damages applies. *Id*. at 453-54. The court's determination that both the

7

defendant driver and the defendant automobile leasing company were domiciled in New York was based on the fact that the defendant driver was living in New York at the time of the accident, and the defendant automobile leasing company regularly conducted business in New York.  *Id.* at 453-54.  Whether the parties were subject to personal jurisdiction in New York, however, was not addressed.

New York's long-arm statute, N.Y. C.P.L.R. § 302, provides for jurisdiction only over a non-domiciliary defendant who

>  1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>  2.  commits a tortious act within the state, . . . ; or
>  3.  commit a tortious act without the state causing injury to person or property within the state, . . . , if he
>      (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>      (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>  4.  owns, uses or possesses any real property situated within the state.

N.Y. Civ. Prac. L. & R. § 302.

Not only is the application of New York or Ontario substantive law to this action completely irrelevant to the issue of whether Defendants are subject to personal jurisdiction in New York, but the record is devoid of any evidence establishing any basis under § 302 for subjecting either Defendant to personal jurisdiction in New York, the burden for which lies with Plaintiffs.  *Robinson*, 21 F.3d at 507.   Indeed, other than the possibility that Defendants may have passed through New York State to gain entry to Ontario prior to the accident, a fact not established in the record, the record provides no information suggesting Defendants have had any recent ties to New York.  *See Schick*

8

*v. Oyer*, 2008 WL 4501935, * 6-7 (W.D.N.Y. Sept. 29, 2008) (granting defendant's motion to dismiss for lack of personal jurisdiction given complete absence of any evidence that defendant had ties to New York). Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction should be GRANTED.

Assuming the District Judge agrees with the recommendation that the action be dismissed for lack of personal jurisdiction, the court should not reach Defendants' alternative argument seeking summary judgment based on Plaintiffs' failure to establish the requisite threshold injury under either Ontario or New York law. *See LiButti v. U.S.*, 178 F.3d 114, 125 (2d Cir. 1999) (holding that lack of personal jurisdiction precludes reaching the merits of an action).

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss for lack of personal jurisdiction (Doc. No. 15) should be GRANTED. The Clerk of the Court should be directed to close the case.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2009
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2009
           Buffalo, New York