UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT HUBBARD and
SUSAN SPANN,

                Plaintiffs,

      v.                              ORDER
                                   06-CV-236

LARRY J. KELLEY and
CHRISTOPHER LEE KELLEY,

                Defendants.

---

      This case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on July 10, 2007. On September 26, 2008, defendants filed a motion to dismiss for lack of personal jurisdiction and, alternatively, for summary judgment. On May 28, 2009, Magistrate Judge Foschio filed a Report and Recommendation, recommending that defendants' motion to dismiss for lack of personal jurisdiction be granted.

      Plaintiff filed objections to the Report and Recommendation on June 8, 2009, and defendants filed a response thereto. Plaintiffs' objections consist entirely of a novel argument that this case—which plaintiffs apparently have conceded cannot continue before this Court—should be transferred to a district court in Alabama pursuant to 28 U.S.C. § 1631. "In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have

been raised before the magistrate but were not." *Illis v. Artus*, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (citations omitted); *see also Pierce v. Mance*, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation. Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections,' should be dismissed.") (citations omitted). Additionally, a similar case decided previously in this District establishes that this case should have been brought in Ontario. *Cf. Gamarra v. Alamo Rent A Car, Inc.*, No. 99-CV-604, 2001 WL 118575, at *3 (W.D.N.Y. Jan. 4, 2001) (Elfvin, J.) ("Turning to an examination of the public interests applicable to this action, this Court notes that the weight of such interests strongly favors trying the instant action in Ontario, Canada. Firstly, all operative events took place in Ontario. Secondly, it is highly likely that the substantive law to be applied in this action will be that of Ontario and Canada. Thirdly and insofar as all allegedly tortious events took place in Ontario, it appears that local jurors would be hearing and determining an action with little impact on their community.") (citation omitted). The Court thus rejects plaintiffs' novel argument about transfer.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made. Upon a <u>de novo</u> review of the Report and

2

Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation, defendants' motion to dismiss for lack of personal jurisdiction is granted. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 23, 2009